UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SAYLES,<br>CDCR #AL-4784,<br><br>                                   Plaintiff,<br><br>        vs.<br><br>SERGEANT AMAYA, SERGEANT TAYLOR AND JANE DOE,<br><br>                                   Defendants. | Case No.:  26-cv-0174-AJB-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING THE EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS AMAYA AND TAYLOR;**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL, AND**<br><br>**(3) PROVIDING PLAINTIFF WITH THE OPTION OF AMENDING OR PROCEEDING WITH THE EIGHTH AMENDMENT FAILURE TO PROTECT CLAIM AGAINST DEFENDANT AMAYA AND THE EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT JANE DOE** |

On January 2, 2026, Plaintiff Walter Sayles, a state prisoner confined at Mule Creek State Prison in Ione, California, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the District Court for the Eastern District of California, claiming he

1

26-cv-0174-AJB-JLB

was subjected to the excessive use of force while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (Doc. No. 1 at 3–6.) The case was transferred to this Court. (Doc. No. 4.) On February 11, 2026, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and dismissed the Complaint with leave to amend for failure to state a claim. (Doc. No. 9.) Plaintiff has now filed a First Amended Complaint ("FAC"). (Doc. No. 11.) He has also filed a Motion to appoint counsel and an exhibit to the FAC describing his medical condition. (Doc. Nos. 12; 13.)

## I.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

 "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

26-cv-0174-AJB-JLB

supported by mere conclusory statements, do not suffice." *Id.*

**B.  Allegations in the FAC**

Plaintiff alleges that on November 15, 2024, he approached the program office and informed Defendant RJD correctional officer Sergeant Taylor that he had safety concerns about being on the yard. (Doc. No. 11-1 at 5.) Taylor said, "do you want candy" and "you don't have no safety concerns on the yard [but] without looking into the matter of me being harmed by inmates on the yard." (*Id.*) When Plaintiff refused to go back to the yard, "Taylor used force on me with the purpose to cause harm by putting me on the ground hard with force," and never addressed his safety concerns. (*Id.*)

Plaintiff alleges that on June 2, 2025, he went to the program office to speak with Defendant RJD correctional officer Sergeant Amaya "about a issue we had words and he said you can go back to your cell or I will handcuff you and take you there." (Doc. No. 11-1 at 3; Doc. No. 11-2 at 4, 7.) Plaintiff walked away and was on his way to the medicine line to get his meds before going back to his cell, Amaya exited the office and "grabbed hold of my arm without giving me a direct order to cuff up.  I hesitated from being grabbed and officer Amaya used force to take me to the ground and punch me twice with a closed fist in the head hard as I was on the ground holding on to one of his legs so that Amaya would not kick me.  As I let go of officer Amaya's leg he hit me with his knee down hard in my back." (Doc. No. 11-1 at 3; Doc. No. 11-2 at 3, 7.) As he was on the ground in leg and arm restraints and not resisting, Plaintiff "had words with" Defendant correctional officer Jane Doe, the supervisor of C-yard, who "walked in to take over." (Doc. No. 11-1 at 3; Doc. No. 11-2 at 3.) Doe, "with the purpose to cause harm kneeled down put her hand around my throat and started choking me." (Doc. No. 11-1 at 4; Doc. No. 11-2 at 4.) "Amaya watched and did nothing to stop Jane Doe from choking me in arm and leg restraints," despite standing right there and having the opportunity to do or say something to stop her. (Doc. No. 11-1 at 4; Doc. No. 11-2 at 4, 7.)

Plaintiff alleges he has nerve damage to his spine with lower back problems for which he has to have physical therapy and take pain medication, and that he has suffered

3

26-cv-0174-AJB-JLB

emotional and psychological distress. (Doc. No. 11-1 at 3–5; Doc. No. 11-2 at 4–5.) He claims that the use of excessive force and the failure to protect him violated his rights under the Eighth and Fourteenth Amendments, and requests $45,000 in damages. (Doc. No. 11-1 at 3–6; Doc. No. 11-2 at 3–5, 7–8.)

### C. Analysis

The Eighth Amendment, as applicable to the states through the Fourteenth Amendment, forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). It "places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment imposes a duty on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Prison officials have a duty to intercede when another officer violates the constitutional rights of a prisoner, provided the officer has a "realistic opportunity" to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000).

Nevertheless, "prison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners." *LeMaire v. Maas*, 12 F.3d 1444, 1458 (9th Cir. 1993); *Simmons v. G. Arnett*, 47 F.4th 927, 933 (9th Cir. 2022) ("[P]rison officials should be accorded 'wide-ranging deference' when they are exercising their judgment to maintain prison safety," because "[i]n the specialized context of prison operations, the use of force can be a 'legitimate means for preventing small disturbances from becoming dangerous to other inmates or the prison personnel.'") (citations omitted); *Whitley*, 475 U.S. at 321–22 (prison officials are entitled to deference when a prisoner challenges a use of force).

"The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Whitley*, 475 U.S. at 327). "When

4

prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. However, "[n]ot every malevolent touch by a prison guard gives rise to a federal cause of action," and "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (quoting *Hudson*, 503 U.S. at 9). The extent of the injury suffered by an inmate is one factor that may determine "whether the use of force could plausibly have been thought necessary" in the situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321; *see also Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Not every push or shove . . . violates the [federal Constitution].").

With respect to the November 2024 incident, Plaintiff alleges Taylor "used force on me for the purpose to cause harm by putting me on the ground hard with force," because Plaintiff did not want to return to the yard due to safety concerns. (Doc. No. 11-1 at 5.) He describes the harm he suffered as: "I had back injury." (*Id*.) It is unclear whether the injury he suffered in this incident is related to the injury which he describes in detail that he allegedly suffered in the June 2025 incident with Amaya and Jane Doe. Irrespective of the severity of the injury, as with the original Complaint, the allegations against Taylor in the FAC are insufficient to allege that the amount of force Taylor used could not "plausibly have been thought necessary" in the situation. *Whitley*, 475 U.S. at 321. Rather, Plaintiff once again fails to describe in detail the actions he took, if any, which led Taylor to "putting" him on the ground, other than refusing to return to the yard, or just how "hard" he was put on the ground and in what manner. As with the original Complaint, the allegations in the FAC once again indicate that Taylor used force in response to Plaintiff's refusal to obey an order to return to the yard but without any allegations identifying the reasons he had safety concerns on the yard, or their severity or immediacy, which might

26-cv-0174-AJB-JLB

plausibly indicate Taylor issued the order with a purpose other than a good-faith effort to maintain or restore discipline. Plaintiff has also once again fails to include any factual allegations showing that Taylor's use of force or the injury it caused was so severe that the amount of force used could plausibly be found to have "evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321. Although Plaintiff alleges in a conclusory manner that Taylor used force "with the purpose to cause harm" and that his "purpose was to see harm done to me" (Doc. No. 11-1 at 5), Plaintiff was previously instructed (*see* Doc. No. 9 at 6), that such conclusory allegations do not plausibly allege Taylor applied force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Wilkins*, 559 U.S. at 38; *Hudson*, 503 U.S. at 9; *see also Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet the plausibility standard and a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Accordingly, the Eighth Amendment excessive force claim against Taylor is dismissed under 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. The Court will provide Plaintiff with a final opportunity to amend to attempt to state a claim against this Defendant.

With respect to the June 2025 incident, Plaintiff alleges that after Amaya told him "you can go back to your cell or I can handcuff you and take you there," Plaintiff walked away with the intention of going to the medicine line to get his meds before returning to his cell. (Doc. No. No. 11-1 at 3.) Amaya "grabbed hold of my arm without giving me a direct order to cuff up. I hesitated from being grabbed and officer Amaya used force to take me to the ground and punch me twice with a closed fist in the head hard as I was on the ground holding on to one of his legs so that Amaya would not kick me. As I let go of officer Amaya's leg he hit me with his knee down hard in my back." (*Id.*)

These allegations are once again insufficient to state an Eighth Amendment

excessive force claim against Amaya, as Plaintiff alleges he "hesitated from being grabbed," which caused Amaya to take him to the ground. Although Plaintiff alleges Amaya punched him twice and hit him with his knee, he also alleges he was holding on to Amaya's leg and only let go after being hit. Plaintiff once again fails to plausibly allege there was no need for Amaya to use force, as it could have appeared to Amaya that he disregarded the order to return to this cell by walking toward the medicine line or resisted when he hesitated. Plaintiff also once again fails to plausibly allege that the force used, two punches and a knee in the back to force him to let go of Amaya's leg, in the context alleged, was applied maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Wilkins*, 559 U.S. at 38; *McMillian*, 503 U.S. at 9; *Iqbal,* 556 U.S. at 678.

The Eighth Amendment excessive force claim against Amaya is dismissed under 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. The Court will provide Plaintiff with a final opportunity to amend his pleading to attempt to correct the pleading deficiencies as to this claim.

With respect to the Eighth Amendment excessive force claim against Jane Doe and the Eighth Amendment failure to protect claim against Amaya, Plaintiff alleges that after his encounter with Amaya, as he was on the ground in leg and arm restraints and not resisting, Jane Doe, the supervisor of C-yard, "walked in to take over." (Doc. No. 11-1 at 3; Doc. No. 11-2 at 3.) Jane Doe, "with the purpose to cause harm kneeled down put her hand around my throat and started choking me." (Doc. No. 11-1 at 4; Doc. No. 11-2 at 4.) "Amaya watched and did nothing to stop Jane Doe from choking me in arm and leg restraints," despite standing right there and having the opportunity to do or say something to stop her. (Doc. No. 11-1 at 4; Doc. No. 11-2 at 4, 7.)

The allegations that Jane Doe choked Plaintiff and possibly kneeled on his back injuring his spine for no reason while he was in arm and leg restraints and not resisting, plausibly alleges that the force used was intended to cause harm rather than restore order. *Whitley*, 475 U.S. at 321. Plaintiff claims Amaya failed to intervene to stop Jane Doe from

26-cv-0174-AJB-JLB

injuring him because Amaya simply watched as Jane Doe allegedly used unnecessary and excessive force while he was in arm and leg restraints and did nothing to stop her. Plaintiff has plausibly alleged Amaya had a realistic opportunity to intercede to prevent a constitutional violation and failed to take reasonable measures to guarantee his safety. *Farmer*, 511 U.S. at 832; *Cunningham*, 229 F.3d at 1289–90. The allegations are sufficient to survive the "low threshold" of passing screening for an excessive force claim against Jane Doe and a failure to protect claim against Amaya. *Watison*, 668 F.3d at 1112.

Because the Court has determined that Plaintiff's failure to protect claim against Defendant Amaya and his excessive force claim against Defendant Jane Doe survive the *sua sponte* screening process, he is entitled to have the United States Marshal effect service of the summons and FAC as to Amaya, but not as to Jane Doe.[1] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal . . . if the plaintiff is authorized to proceed [IFP].").

### D.     Plaintiff's Options

Because the Court has determined that Plaintiff's excessive force claim against Defendant Jane Doe and his failure to protect claim against Defendant Amaya survive the *sua sponte* screening process but the remaining claims do not, Plaintiff is given the opportunity to (1) notify the Court of his intent to proceed only with the Eighth Amendment excessive force claim against Jane Doe and the Eighth Amendment failure to protect claim

---

[1] Plaintiff must identify Jane Doe by her true name and substitute that person before the United States Marshal will be able to execute service upon her. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant"). Where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits a plaintiff the opportunity to pursue appropriate discovery to identify an unknown Doe, unless it is clear that discovery would not uncover their identity or the complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

26-cv-0174-AJB-JLB

against Amaya; or (2) file a Second Amended Complaint that attempts to correct any or all of the deficiencies of pleading identified in this Order. **Plaintiff must choose one of those options within forty-five (45) days from the date this Order is filed.** If Plaintiff notifies the Court that he wishes to proceed only with his claims against Defendants Amaya and Doe, the Court will issue an Order directing the Clerk to issue the summons and direct the U.S. Marshal to effect service of the summons and FAC on Defendant Amaya, and all remaining claims and Defendants, except the excessive force claim against Jane Doe, will remain dismissed from this action.

## II.    MOTION TO APPOINT COUNSEL

Plaintiff requests appointment of counsel on the basis that he is unable to afford an attorney and anticipates an inability to litigate this case due being to a mental health inmate with post-traumatic stress disorder and a learning disability. (Doc. No. 12 at 1.) There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Such exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the *pro se* litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's original Complaint and FAC demonstrates that while not formally trained in law, he is fully capable of articulating the facts and circumstances relevant to his claims, which are not exceptionally legally complex. *Agyeman*, 390 F.3d at 1103. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice to its renewal at a later stage of these proceedings when and if there is a showing of exceptional circumstances warranting the appointment of counsel.

///

///

26-cv-0174-AJB-JLB

## III.   CONCLUSION AND ORDERS

Based on the foregoing, the Court:

1.   **DENIES** Plaintiff's Motion to appoint counsel without prejudice. (Doc. No. 12.)

2.   **DISMISSES** the Eighth Amendment excessive force claims against Defendants Taylor and Amaya in the First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

3.   **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) file a Notice of Intent to Proceed only with the Eighth Amendment excessive force claim against Jane Doe and the Eighth Amendment failure to protect claim against Amaya; or (2) file a Second Amended Complaint correcting any or all of the deficiencies of pleading identified by the Court in this Order. The Second Amended Complaint must be complete in itself without reference to any prior pleading. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED.**

Dated:  April 20, 2026

Hon. Anthony J. Battaglia
United States District Judge

26-cv-0174-AJB-JLB