UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SAYLES,<br>CDR #AL-4748<br><br>        Plaintiff,<br><br>v.<br><br>SERGEANTS AMAYA and MERCADO,<br>        Defendants. | Case No.:  26-cv-0174-AJB-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 23]** |

Before the Court is Plaintiff's Motion to Request for Appointment of Counsel.  (ECF No. 23.)  While the Court is sympathetic to the challenges Plaintiff faces litigating his case *pro se*, the Court nevertheless **DENIES** Plaintiff's Motion **WITHOUT PREJUDICE** for the reasons set forth below.

**I. BACKGROUND**

On January 2, 2026, Plaintiff Walter Sayles ("Plaintiff"), a state prisoner confined at Pelican Bay State Penitentiary in Crescent City, California, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff claims that he was subjected to excessive use of force while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California.  (*Id*. at 3–6.)  On February 11, 2026, the Court

granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and dismissed Plaintiff's Complaint with leave to amend pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b). (ECF No. 9.) On February 23, 2026, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 11.) On March 4, 2026, Plaintiff filed a Motion to appoint counsel. (ECF No. 12.)

On April 20, 2026, the Court found the First Amended Complaint adequately stated Eighth Amendment claims against Defendants Amaya (failure to protect) and Defendant Jane Doe[1] (excessive force) and dismissed the Eighth Amendment excessive force claims against Defendants Taylor and Amaya. (ECF No. 14.) Plaintiff was granted leave to either amend the complaint or file a Notice of Intent to Proceed with the two adequately pleaded claims. (*Id.* at 8–9.) The Court also denied, without prejudice, Plaintiff's first Motion to appoint counsel. (*Id.* at 9.)

Subsequently, Plaintiff notified the Court of his election to proceed solely on the Eighth Amendment claims that had survived the motion to dismiss. (ECF Nos. 18, 19, 20.)

On May 14, 2026, the District Court issued an order directing the Clerk of Court to issue a summons for Defendant Mercado as to Plaintiff's FAC and provide Plaintiff with the summons and a blank U.S. Marshal Form 285 so that service could be effectuated. (ECF No. 21 at 2.) The order also provided: "Plaintiff must complete the USM Form 285 as completely and accurately as possible [] and return the form to the United States Marshal." *Id*. Thereafter, the U.S. Marshal was to "serve a copy of the First Amended Complaint and summons upon Defendant" as directed by Plaintiff on the USM Form 285. *Id*.

On May 28, 2026, Plaintiff filed the present Motion to Request for Appointment of Counsel.[2] (ECF No. 23.)

---

[1]    Defendant Jane Doe was later identified by Plaintiff as "Sergeant Mercado." (ECF No. 19.)

[2]    On June 15, 2026, Plaintiff filed a "Notice to Ask for Case" in which Plaintiff asks the Court to "please send [] a notice if the U.S. Marshal [has] serve[d] the Defendants. And

## II.    LEGAL STANDARD

There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).  However, 28 U.S.C. § 1915(e)(1) permits a court to appoint counsel when the person is unable to afford such counsel, but this power should only be exercised under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted) (the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances.") (citation omitted); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment).  Such exceptional circumstances exist where there is a cumulative showing of both a likelihood of success on the merits and an inability of the *pro se* litigant to articulate his claims due to their legal complexity. *Palmer*, 560 F.3d at 970.  "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel . . . ." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

## III.    DISCUSSION

### A.    Likelihood of Success on the Merits

If a plaintiff fails to provide any evidence supporting his likelihood of success at trial, he or she fails the first factor set forth in *Wilborn*. *Picart v. Gonzalez*, No. 3:25-cv-01846-AJB-AHG, 2026 WL 1137973, at *2 (S.D. Cal. Apr. 27, 2026) (citations omitted);

---

send me the Mail Box rules." (ECF No. 24.)  It is unclear from this filing if Plaintiff has received, completed or returned the USM Form 285 as directed by the Court. (*See* ECF No. 21.)  On May 23, 2026, a waiver of service of summons was returned executed for Defendants Amaya and Mercado. (ECF No. 25.)  It is standard practice in the Southern District of California to send *pro se* plaintiffs a copy of any docket entry via the United States Postal Service.  In order for this to be effective, S.D. Cal. CivLR 83.11 provides: "A party proceeding pro se must keep the Court and opposing parties advised as to current address."  Notwithstanding this courtesy extended by the Court, it is Plaintiff's responsibility to regularly review the docket in his case.

*Bailey v. Lawford,* 835 F. Supp. 550, 552 (S.D. Cal. 1993). Allegations made in the pleadings, without further corroboration with supporting evidence thereafter, are insufficient to demonstrate the likelihood of success at trial. *Id.*

Here, Plaintiff offers no evidence demonstrating that he has a likelihood of success on the merits. At this early stage of the proceedings, with discovery not even begun, the Court cannot determine whether or not Plaintiff is likely to succeed on the merits of his claims. *Id.*; *see also Stein v. City of San Diego*, No. 3:24-cv-00953-DMS-AHG, 2025 WL 3241125, at *2 (S.D. Cal. Nov. 20, 2025) (denying motion for appointment of counsel because it was too early to determine whether any of plaintiff's claims would be successful). While some of Plaintiff's claims have survived the motion to dismiss stage, no substantive motions to test Plaintiff's claims have been filed. Thus, the Court concludes that Plaintiff has not satisfied the first "exception circumstances" factor that would support his request for the appointment of counsel. At this stage of the proceedings, it is simply too soon to tell whether Plaintiff is likely to succeed on the merits of any of his claims. *Agyeman*, 390 F.3d at 1103.

## B.    Ability of Plaintiff to Articulate His Claims

A litigant must meet a high bar to show that he is unable to "present his case *pro se* in light of the complexity of the legal issues involved." *Siglar v. Hopkins*, 822 Fed. Appx. 610, 612 (9th Cir. 2020). A *pro se* litigant cannot meet this bar merely by showing that he would benefit from appointment of counsel. *Id.* ("if this were the prevailing standard, *pro se* civil litigants would be entitled to counsel in all circumstances, not only exceptional ones") (citation omitted). Rather, the litigant must show that his circumstances and the complexity of his claims render him uniquely unable to articulate his claims. *See Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1 (9th Cir. July 5, 2022) (holding that the difficulties a *pro se* prisoner litigant faced did not constitute exceptional circumstances because they were the same circumstances that many *pro se* prisoner litigants face); *see also Jones v. Kuppinger* 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3 (E.D. Cal.

26-cv-0174-AJB-JLB

Sept. 17, 2015). Thus, as long as a pro se litigant is able to articulate his claim, the "exceptional circumstances" that might support the appointment of counsel do not exist.

Here, Plaintiff makes two primary arguments as to why he is uniquely unable to present his case *pro se*. Plaintiff contends that (1) his mental and physical disabilities render him unable to advocate for himself; and (2) he does not "know how to do the next step in [his] case" and therefore cannot litigate his case *pro se*. (*See* ECF No. 23.) The Court will address each argument in turn.

### 1. Plaintiff's Mental and Physical Disabilities

First, Plaintiff argues that mental illness and back pain that he alleges stems from the incident in question render him unable to litigate his case *pro se*.[3] (*See* ECF No. 23.) Generally, "mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel" because they are "[c]ircumstances common to most prisoners." *Jones*, 2015 WL 5522290, at *3–4. To constitute an exceptional circumstance, the litigant's mental illness or disability must render him completely unable to articulate his arguments and prosecute the case. *See Fletcher v. Quin*, No. 3:15-CV-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018); *see also Meeks v. Nunez,* No. 13-cv-973-GPC (BGS), 2017 WL 476425, at *3–4 (S.D. Cal. Feb. 6, 2017).

Plaintiff's disabilities do not render him unable to articulate his claims or prosecute this case without the effective assistance of counsel. *Palmer* 560 F.3d at 967, 970 (9th Cir. 2009) (holding that severe pain from a recent surgery did not constitute an exceptional circumstance); *Meeks*, 2017 WL 476425, at *4 (holding that appointment of counsel was not warranted when a plaintiff's mental illness did not affect his ability to articulate his arguments and prosecute the case). Indeed, despite Plaintiff's disabilities, Plaintiff has

---

[3] Plaintiff also previously contended that post-traumatic stress disorder and a learning disability warranted appointed counsel. (ECF No. 12.) The Court did not find that these conditions constituted exceptional circumstances. (ECF No. 14 at 9.)

26-cv-0174-AJB-JLB

successfully navigated his legal proceedings to date and has filed several motions with the Court, including a Motion to Proceed IFP (ECF No. 2), a Complaint (ECF No. 1), an Amended Complaint (ECF No. 11), two motions to appoint counsel (ECF Nos. 12 and 23), and a Notice of Intent to Proceed (ECF No. 18). While the Court appreciates the unique challenges Plaintiff faces, his request for assistance of counsel based on his reported disabilities does not meet the "exceptional circumstances" factor at this stage of the case. *See, e.g., Ochoa v. Von Lintig*, No. 19-CV-00346-MMA-JLB, 2020 WL 2097617, at \*3 (S.D. Cal. May 1, 2020) (denying a Motion to appoint counsel where an incarcerated *pro se* Plaintiff successfully filed several motions with the Court).

### 2.    *Plaintiff's Uncertainty About Next Steps*

Next, Plaintiff contends that he should be appointed counsel because he does not "know how to do the next step in [his] case." (ECF No. 23.) However, the difficulties that an incarcerated *pro se* litigant faces due to a "lack of legal training and limited access to legal resources" are difficulties common to most prisoners. *Fierro,* 2022 WL 2437526, at \*1. Moreover, the fact that an incarcerated *pro se* litigant faces challenges litigating their case does not establish that their claims are legally complex. *Id*. If such difficulties established the complexity of one's claims, nearly all *pro se* litigants would be entitled to appointed counsel. *See Wilborn*, 789 F.2d at 1331. Plaintiff's purported uncertainty about what to do next does not demonstrate an inability to articulate his claims without effective assistance of counsel. As already noted above, Plaintiff's several court filings illustrate that he can articulate the facts and circumstances relevant to his claims. *Agyeman*, 390 F.3d at 1103; *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

In recognition of the difficulty that people can face when representing themselves in civil cases before a federal court, the District Court for the Southern District of California has created a resource to assist *pro se* parties. These materials can be accessed through the

26-cv-0174-AJB-JLB

Court's website by visiting https://www.casd.uscourts.gov/ and clicking on the banner titled "Representing Yourself." *Pro se* litigants who are in custody can look for an additional link on the page directing them to a specific information packet regarding prisoner civil rights litigation. Plaintiff may find it beneficial to consult these resources. Additionally, Pelican Bay State Prison, where Plaintiff is currently incarcerated, provides access to legal research materials through the prison library which Plaintiff can use to research his case. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *Library Services*, https://www.cdcr.ca.gov/rehabilitation/ls/ (last visited June 12, 2026). Accordingly, Plaintiff has not met the "high bar to show that [his] legal claims are so complex as to render [him] unable to articulate his claims." *Siglar*, 822 Fed. Appx. at 612; *Mascrenas v. Wagner*, No. 19CV2014-WQH(BLM), 2020 WL 4436358, at *3 (S.D. Cal. Aug. 3, 2020) (denying an incarcerated plaintiff's Motion to appoint counsel when the plaintiff had access to legal research materials at the prison library and his legal issues were not especially complex).

## IV.    CONCLUSION

While this Court is sympathetic to the difficulties Plaintiff faces litigating his case *pro se* while incarcerated, Plaintiff has not sufficiently demonstrated "exceptional circumstances" necessitating the appointment of counsel. Accordingly, the Court **DENIES WITHOUT PREJUDICE,** Plaintiff's Motion to appoint counsel.

IT IS SO ORDERED.

Dated:  June 25, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

26-cv-0174-AJB-JLB