UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SAYLES,<br>CDR #AL-4748<br>Plaintiff,<br>v.<br>SERGEANTS AMAYA and MERCADO,<br>Defendants. | Case No.: 26-cv-0174-AJB-JLB<br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br>**[ECF Nos. 27, 31]** |

Before the Court is Plaintiff Walter Sayles's ("Plaintiff") Motion to Appoint Counsel. (ECF Nos. 27, 31.) While the Court continues to be sympathetic to the challenges Plaintiff faces litigating his case *pro se,* nothing in the present motion has convinced the Court to change its earlier determination. For the reasons set for the below, the Court **DENIES** Plaintiff's Motion to Appoint Counsel **WITHOUT PREJUDICE**.

## I. BACKGROUND

On January 2, 2026, Plaintiff, a state prisoner confined at Pelican Bay State Penitentiary ("PBSP") in Crescent City, California, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claims that he was subjected to excessive use of force while housed at the Richard J. Donovan Correctional Facility

("RJD") in San Diego, California. (*Id*. at 3–6.) On February 11, 2026, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and dismissed Plaintiff's Complaint without prejudice for failure to state a claim. (ECF No. 9.) On February 23, 2026, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 11.) On March 4, 2026, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 14.)

On April 20, 2026, the Court found that Plaintiff's FAC adequately stated an Eighth Amendment excessive force claim against Defendant Mercado[1] and an Eighth Amendment failure to protect claim against Defendant Amaya but failed to state a claim against any other Defendant. (ECF No. 14.) Plaintiff was granted leave either to amend the complaint or file a Notice of Intent to Proceed with the two adequately pleaded claims. (*Id.*) The Court also denied, without prejudice, Plaintiff's first Motion to Appoint Counsel. (*Id.*)

Subsequently, Plaintiff notified the Court of his election to proceed solely on the Eighth Amendment claims that had survived the motion to dismiss. (ECF Nos. 18, 19, 20.) Plaintiff also filed a second Motion to Appoint Counsel on May 28, 2026. (ECF No. 23.) The Court again denied Plaintiff's Motion. (ECF No. 26.)

On July 6, 2026, Plaintiff filed another Motion to Appoint Counsel. (ECF No. 27.) Shortly thereafter, on July 20, 2026, Plaintiff filed another a "Motion to the Court," along with accompanying exhibits. (ECF No. 31.) The Court has reviewed these filings carefully, and determines that the July 20, 2026, filing is a supplement to the Motion to Appoint Counsel filed on July 6, 2026. This conclusion is buttressed by the opening sentence in Plaintiff's Motion to Court: "I Plaintiff Walter Sayles is [*sic*] producing documents . . . of supporting facts to show the Court" and Plaintiff's reference to

---

[1] Defendant Mercado was originally listed as Jane Doe in the FAC but was later identified by Plaintiff as "Sergeant Mercado." (ECF No. 19.)

"requesting [] appoint[ment] of counsel." (*Id.*) Accordingly, the Court will treat these filings as a single request.[2]

Defendants filed their answer to the FAC on July 17, 2026. (ECF No. 29.)

## II. LEGAL STANDARD

There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Such exceptional circumstances exist where there is a cumulative showing of both a likelihood of success on the merits and an inability of the *pro se* litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel . . . ." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

## III. DISCUSSION

### A. Likelihood of Success on the Merits

If a plaintiff fails to provide evidence supporting his likelihood of success at trial, he or she fails the first factor set forth in *Wilborn*. *Picart v. Gonzalez*, No. 3:25-cv-01846-AJB-AHG, 2026 WL 1137973, at *2 (S.D. Cal. Apr. 27, 2026) (citations omitted). A plaintiff's own assertions, without further corroboration with supporting evidence, are insufficient to demonstrate the likelihood of success at trial. *Bailey v. Lawford,* 835 F. Supp. 550, 552 (S.D. Cal. 1993).

---

[2] To the extent, Plaintiff intended to file his "Motion to the Court" as a separate request for assistance of counsel, the Court **DENIES** it as **MOOT** as the relief requested is duplicative of that requested in his July 7, 2026, motion.

Here, the evidence submitted by Plaintiff in support of his request does not corroborate his allegations or demonstrate that he is likely to succeed at trial. First, Plaintiff asserts that "there is evidence of the unlawful act on videotape[] . . . [showing] unnecessary use of force." ECF No. 27 at 1. However, the referenced videotape has not been provided to the Court. Standing alone, Plaintiff's conclusory assertions regarding what the purported videotape will show is not evidence that he is likely to succeed on the merits of his claim.

Second, Plaintiff provided the Court with the reports submitted by correctional officers following the June 2, 2025, incident so the Court could "get a better understanding [of] what's going on."[3] ECF No. 31 at 1, 13–27. While these reports provide information surrounding the incident that forms the basis of Plaintiff's complaint, this is not evidence that supports Plaintiff's likelihood of success at trial.

Third, Plaintiff submits an educational flyer on degenerative disk disease, a list of Plaintiff's medications, and a list of Plaintiff's ongoing medical appointments. (*Id*. at 7–12.) These documents support Plaintiff's contention that he suffers from back pain stemming from degenerative disc disease. (*See* ECF No. 31.) However, the documents do not establish that Defendant's alleged unlawful acts were the cause of Plaintiff's degenerative disc disease and is not evidence supporting his likelihood of success at trial.

Finally, while some of Plaintiff's claims have survived the motion to dismiss stage, no substantive motions to test Plaintiff's claims have been filed.

Thus, the Court concludes that Plaintiff has not satisfied the first "exceptional circumstances" factor that would support his request for the appointment of counsel. At

---

[3] Rather than contend outright that the incident reports establish Defendants' unlawful acts, Plaintiff provides annotations on the reports themselves. (ECF No. 31 at 13–27.) For example, Plaintiff underlines statements including "Inmate Sayles was not actively resisting arrest at this time" (*id*. at 19), "Inmate Sayles was not actively resisting" (*id*. at 23), and "I ceased all physical force as Inmate Sayles ceased his active resistance" (*id*.). Plaintiff also wrote comments on the reports, including "did not resist she choked me" (*id*.) and "cover up see bodycam and dayroom video" (*id*. at 27).

this stage of the proceedings, it is still simply too soon to tell whether Plaintiff is likely to succeed on the merits of any of his claims. *See Agyeman*, 390 F.3d at 1103; *see also Stein v. City of San Diego*, No. 3:24-cv-00953-DMS-AHG, 2025 WL 3241125, at *2 (S.D. Cal. Nov. 20, 2025) (denying motion for appointment of counsel because it was too early to determine whether any of the plaintiff's claims would be successful).

**B. Ability of Plaintiff to Articulate His Claims**

A litigant must meet a high bar to show that he is unable to "present his case *pro se* in light of the complexity of the legal issues involved." *Siglar v. Hopkins*, 822 Fed. Appx. 610, 612 (9th Cir. 2020). A *pro se* litigant cannot meet this bar by showing merely that he would benefit from appointed of counsel. *Id*. ("if this were the prevailing standard, *pro se* civil litigants would be entitled to counsel in all circumstances, not only exceptional ones") (citation omitted). Rather, the litigant must show that his particular circumstances and the complexity of his case render him uniquely unable to articulate his claims. *See Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1 (9th Cir. July 5, 2022) (holding that the difficult circumstances a *pro se* prisoner faced while litigating his case did not constitute exceptional circumstances because they were the same circumstances that many *pro se* prisoner litigants face). Thus, as long as a *pro se* litigant is able to articulate his claim, the "exceptional circumstances" that might support the appointment of counsel do not exist. *Jones v. Kuppinger* 2:13-cv-0451 WBS AC, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015).

Here, Plaintiff raises three new arguments as to why he is unable to present his case *pro se*, namely: (1) he is facing retaliation from correctional officers in the form of "legal mail and documents" being removed from his cell and physical assault (ECF Nos. 27 at 1; 31 at 1, 4–5 ); (2) the difficulty he is encountering getting necessary case-related documents from the California Department of Corrections and Rehabilitation ("CDCR") (ECF No. 27 at 1); (3) his stated "4.0 reading level" prevents him from taking next steps toward presenting his case. (*Id.*) The Court will address each of Plaintiff's arguments in turn.

*1. Alleged Retaliation by Correctional Officers*

First, Plaintiff contends that correctional officers at PBSP have retaliated against him by "taking legal mail and documents out of [his] cell" (ECF No. 27 at 1) and physically attacking him (ECF No. 31 at 1, 4–5). In support of these contentions, Plaintiff provided a copy of the July 7, 2026, CDCR Office of Grievances decision confirming that "[s]taff violated policy" by failing to secure Plaintiff's legal materials when he was transferred from RJD to PBSP. (*Id*. at 28–29.) Plaintiff also provided a copy of the grievance that he filed with the PBSP after the alleged physical assault on May 30, 2026. (*Id*. at 4–5.)

Prisoners have a right to "litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (overruled on other grounds). And interference with that right in retaliation for a prisoner seeking access to the Court may constitute a separate cause of action. *Id*. However, Plaintiff's allegations, even if taken as true, do not necessarily impact Plaintiff's ability to articulate his claims in the light of their legal complexity.[4] *See Palmer*, 560 F.3d at 969 (holding that the court did not err by refusing to appoint counsel to an incarcerated, *pro se* Plaintiff who had been denied access to legal documents for multiple months because Plaintiff had sufficient access to those documents leading up to the trial). Therefore, Plaintiff's retaliation allegations do not establish the exceptional circumstances required to warrant appointment of counsel.

*2. Access to Documents*

Next, Plaintiff contends that he is having a difficult time getting CDCR to provide him with the documents he needs to prove his case and that he needs counsel to be

---

[4] The Court notes that the CDCR Office of Grievances decision indicates that prison staff at PBSP's Restricted Housing Unit ("RHU") did not log Plaintiff's property into the PBSP Receiving and Release Property Area until June 20, 2026, 23 days after his RHU placement. (ECF No. 31 at 28, 29.) To compensate Plaintiff for this violation of policy, Plaintiff was provided with "50 sheets of lined paper, 10 plain envelopes, and 20 soups." (*Id*. at 29.)

appointed to secure these documents and help him "gather and organize the evidence." (ECF No. 27 at 1.) While Plaintiff is correct about the necessity of securing documentary and other evidence to support his claims, the need for development of further facts does not establish that Plaintiff's claims are legally complex. *Wilborn*, 789 F.2d at 1331. Here, discovery has not yet opened but when it does Plaintiff will have every opportunity to compel Defendants to turn over relevant documents. Fed. R. Civ. P. 26(b). The fact that Plaintiff is currently experiencing difficulty securing the documents he believes are relevant does not establish exceptional circumstances warranting appointment of counsel. *See Wilborn*, 789 F.2d at 1331 n. 5 ("[T]he need for further factual discovery is not, by itself, sufficient to establish the complexity of the legal issues.").

3. *Plaintiff's "4.0 Reading Level"*

Finally, Plaintiff contends that his "4.0 reading level" prevents him from adequately presenting his case. (ECF No. 27 at 1.) However, "[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel." *Jones*, 2015 WL 5522290, at *3. Sadly, low literacy levels are common among the U.S. incarcerated population. *See* 34 U.S.C. § 60501. Thus, a prisoner's lack of literacy or educational attainment does not inherently render them uniquely unable to articulate their claims. *See Storey v. Paramo*, No. 17-cv-23-LAB (BGS), 2017 WL 3575526, at *5 (S.D. Cal. Aug. 18, 2017).

Notwithstanding Plaintiff's asserted literacy challenges, Plaintiff has successfully navigated his legal proceedings to date. Plaintiff has filed several motions with the Court, including a complaint (ECF No. 1), an amended complaint (ECF No. 11), a motion to proceed IFP (ECF No. 2), three motions to appoint counsel (ECF Nos. 12, 23, 27), supplemental documents (ECF Nos. 31, 33) and a notice of intent to proceed (ECF No. 18). And Plaintiff has demonstrated a basic understanding of the relevant legal standards governing his motions for appointed counsel, e.g., Plaintiff made the requisite arguments about why he cannot present his case *pro se* and why he is likely to succeed on the merits

of his claims. (*See generally* ECF Nos. 27, 31.) While the Court appreciates the challenges Plaintiff faces, his request for appointment of counsel based on these grounds does not meet the high bar to show exceptional circumstances. *See Shaw v. Sherman*, No. 20-cv-1875-GPC (DEB), 2021 WL 51523, at *2 (S.D. Cal. Jan. 6, 2021) (denying a petitioner's Motion for Appointment of Counsel where the petitioner "sufficiently represented himself on multiple occasions in [the] action").

## V. CONCLUSION

In sum, Plaintiff continues to articulate his claim and prosecute this case. He has successfully stated multiple causes of action, filed several motions, and demonstrated a clear understanding of the type of information he will need to prove his case. And Plaintiff has obtained several relevant documents pertaining to his claims and will have ample opportunity to obtain additional information during discovery. Therefore, the Court concludes that at this stage of the litigation the challenges Plaintiff faces in litigating his case do not constitute exceptional circumstances warranting appointment of counsel.

Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: August 6, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge